```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

Patricia Sierra

   v.                                                Case No. 10-cv-325-PB
                                                         Opinion No. 2011 DNH 045

Richard L. Hodges, Inc., et al.

## MEMORANDUM AND ORDER

Jason Gambon was killed in a head-on collision with a tractor trailer operated by Jason Lydem. Lydem's employer, Richard L. Hodges, Inc., entrusted him with the tractor trailer and Lydem was operating within the scope of his employment at the time of the accident. Gambon's administratrix has sued Lydem and Hodges on a variety of legal theories. Defendants have moved to dismiss. For the reasons stated in this Memorandum and Order, I grant defendants' motion.

## I. STANDARD OF REVIEW

I apply the familiar standard of review that applies to motions to dismiss based on Fed. R. Civ. P. 12(b)(6). See Artuso v. Vertex Pharm., Inc., No. 10-1798, 2011 WL 590006, at *3 (1st Cir. Feb. 18, 2011).

## II. ANALYSIS

Plaintiff asserts one count of negligence, six counts of negligence per se,[1] and one count of wrongful death against each defendant. I begin by analyzing plaintiff's claims against Lydem.

### A. Claims Against Lydem

Plaintiff pleads the following facts against Lydem in her complaint: (1) "Lydem was operating the tractor trailer without a valid driver's license insofar as his Maine driver's license had been suspended;" (2) "On the day of the accident, Lydem had traveled 696 miles transporting approximately 45,600 pounds of paper prior to colliding with Jason Gambon;" and (3) "Lydem has an extensive history of driving infractions in connection with poor driving." Pl. Opp'n. to Mot. to Dismiss Compl. at 13. Plaintiff does not provide a developed argument in her objection to the motion to dismiss to support a claim that Lydem was negligent either because he drove a heavy truck 696 miles in a

---

[1] Plaintiff characterizes Counts II-V and Counts VIII-XI as negligence per se counts. Thus, I do not consider whether any of these counts could also be characterized as implied private rights of action.

2

single day or because he drove the truck after incurring an extensive record of motor vehicle infractions.  Thus, assuming that plaintiff is claiming that Lydem was negligent because he operated the truck with a suspended license, the viability of her claims against Lydem  depends upon whether plaintiff has sufficiently alleged that Lydem's operation of the tractor trailer with a suspended driver's license was a proximate cause of the accident.

New Hampshire follows the majority rule in recognizing that a defendant's status as an unlicensed driver ordinarily is not a proximate cause of a motor vehicle accident.  Vassillion v. Sullivan, 47 A.2d 115, 119 (N.H. 1946); see also Emery v. Booth, 325 A.2d 788, 789 (N.H. 1974) (violation of statute forbidding the loan of a vehicle using dealer plates is not a proximate cause of accident); R.P. Davis, Lack of Proper Automobile Registration or Operator's License as Evidence of Operator's Negligence, 29 ALR 2d 963 at § 5 (describing majority rule).  Plaintiff has cited no unusual facts that would make this principle inapplicable in this case.  Accordingly, plaintiff's claims against Lydem must be dismissed.

**B.   Claims Against Hodges**

Plaintiff bases her claims against Hodges on the company's own negligence in failing to discover that Lyden's license had been suspended, in allowing him to operate the tractor trailer with a suspended driver's license, and in failing to comply with federal laws and regulations that would have led the company to the discovery that Lydem's license had been suspended.  Claims of this sort, however, cannot be maintained unless the evidence establishes that the operator's status as an unlicensed driver was a proximate cause of the accident.  The First Circuit recognized the principle on which this conclusion is based in [Estate of Melucci Through Melucci v. Brown, 946 F.2d 144, 146 (1st Cir. 1991)](#).  There, the plaintiff's intestate was killed in a collision with a tractor trailer driven by the defendant's employee.  Verdicts were entered in favor of the defendants on plaintiff's negligence claim against the driver and his negligent supervision claim against the employer.  The only remaining claim on appeal was plaintiff's negligent entrustment claim against the employer based on the employer's entrustment of the vehicle to the employee.  Even though the employee had

4

not driven a commercial vehicle for several years, one of his legs was partially disabled, and he had been involved in a prior accident with a parked vehicle, the Court of Appeals affirmed the lower court's dismissal of the negligent entrustment claim. The court reasoned that the employer was entitled to judgment because there was no evidence that the reasons for the employer's negligent entrustment (i.e. the employee's past driving record, his "rustiness" behind the wheel, or his leg impairment) were proximate causes of the accident.  Id. at 145-46.

In the present case, as I have explained, the fact that Lydem was operating without a driver's license was not a proximate cause of the accident.  Accordingly, Hodges' alleged negligence in either failing to detect the fact that Lydem's license had been suspended or allowing him to operate the vehicle with a suspended license also cannot have been a proximate cause of the accident.  This is true regardless of whether plaintiff characterizes her claims as negligence, negligence per se, or wrongful death.

Because plaintiff has failed to state viable claims against either defendant, her complaint must be dismissed. Defendants' motion to dismiss (Doc. No. 4) is granted, and the clerk shall enter judgment and close the case.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

March 23, 2011

Cc: Leonardo J. Caruso, Esq.
Andrew J. Fay, Esq.
James W. Bell, Esq.
Theodore M. Schaer, Esq.
William E. Christie, Esq.